UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:24-cv-01008-KDB-SCR

| JEFFERY LEE SANDERS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| FNU STANLEY, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint. [Doc. 1]. See 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is proceeding in forma pauperis in this matter. [Docs. 2, 6].

## I. BACKGROUND

Pro se Plaintiff Jeffrey Lee Sanders is currently detained at the Union County Jail in Monroe, North Carolina. He filed the Complaint on or about September 19, 2024,[1] addressing medical treatment he allegedly received by Defendant Stanley at "Sanglar Heart an Vascular" in Charlotte, North Carolina, on June 5, 2018. [Docs. 1, 1-2 (postmark)]. It appears Plaintiff received the subject medical care while he was a free citizen. [See Doc. 1-1 at 2, Doc. 4 at 1]. Plaintiff seeks to state a claim for medical malpractice. [Doc. 1 at 1]. He seeks $2.8 million in relief. [Id. at 5].

## II. STANDARD OF REVIEW

---

[1] Oddly, it appears that Plaintiff may have deposited his Complaint for mailing on September 19, 2024, but it was not processed by the United States Postal Service until November 12, 2024. See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prison mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying the prison mailbox rule to a § 1983 case).

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III.     DISCUSSION

This Court lacks jurisdiction over Plaintiff's medical malpractice Complaint, which does not assert a federal question or invoke this Court's diversity jurisdiction. See 28 U.S.C. §§ 1331, 1332. The Court, therefore, will dismiss Plaintiff's Complaint without prejudice to his bringing it in state court. Plaintiff is admonished, however, that it appears that his Complaint is barred by the three-year statute of limitations for medical malpractice actions. See N.C. Gen. Stat. § 1-15(c).

### IV.     CONCLUSION

In sum, the Court will dismiss Plaintiff's Complaint without prejudice only as to his refiling this action in state court.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint [Doc. 1] is **DISMISSED without prejudice** in accordance with the terms of this Order.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: December 16, 2024

*[signature]*

Kenneth D. Bell
United States District Judge